TEEKELL, Judge Pro Tem.
Plaintiff Kim Poche seeks recovery under the provisions of a medical insurance policy. The facts of the case are virtually undisputed. The Travelers Insurance Company is the underwriter for a large group railroad policy, and Kim Poche and his wife are insured as employees of the railroad. The insurance policy provides coverage for bodily injury or sickness. Mrs. Poche had a history of problem pregnancies, and when she became pregnant with her fourth child, she, along with her husband and their doctor, Dr. Charles Cook, decided to have a surgical sterilization procedure performed by Dr. Cook. Although this decision to perform the sterilization procedure was made some months before the birth of the fourth child, immediately after the child was born, the decision was affirmed by Dr. Cook, and two days after the birth of the child, the surgical sterilization procedure called a salpingectomy was performed, admittedly the sole purpose of which being to prevent future pregnancy.
The Travelers Insurance Company paid the entire hospital bill for the delivery of the child, along with all of the charges of Dr. Cook attributable to the delivery of the child, in accordance with the insurance policy provisions. However, the Travelers refused to pay the $350.00 charge associated with the sterilization procedure.
After trial the district court rendered judgment in plaintiff’s favor in the amount of $350.00, together with statutory penalties in the amount of $350.00, along with attorney’s fees in the amount of $2,500.00, and assessed all costs of court against the defendant.
Defendant files a timely appeal from the court’s ruling, and asserts five assignments of error.[1]
The evidence clearly established that Mrs. Poche had experienced considerable and serious difficulty with previous pregnancies. At all times before and after the birth of the fourth child, plaintiff’s treating physician did not feel that it was medically advisable for her to have more children because it would have presented a health hazard to her.
While there was some evidence to the effect that both Mrs. Poche and her husband did not desire any more children, this appears to be more incidental or coincidental than substantive. In fact, in not wanting more children to be born, both of them may have been psychologically and unwittingly influenced by the health hazard and medical problems of Mrs. Poche that were experienced with pregnancy and child birth.
The applicable insurance policy provided coverage for “bodily injury or sickness”. Thus, the simple question's whether the *187 sterilization procedure came within the scope of the coverage afforded under the policy.
We agree with the trial court that under the facts and circumstances of this case, the sterilization procedure is covered under the provisions of the policy because of the health hazard to Mrs. Poche associated with pregnancies. In fact, it would appear that the Travelers Insurance Company would have acquiesced in this procedure and paid the $350.00 bill if for no other reason than to obviate the cost and expenses of another pregnancy, which even without complication would amount to considerably more than $350.00.
We affirm the ruling of the trial court with the comment that if the Travelers Insurance Company had appealed only the question of the award of attorney’s fees, we may have been inclined to reduce the amount awarded by the trial court in view of the relative simplicity of this case. However, the plaintiff’s counsel has been forced to go through the appellate procedure, not only to defend an award of attorney’s fees, but to also defend the award for medical expenses, together with the statutory penalty associated therewith. Thus, the award of $2,500.00 becomes quite appropriate, and the ruling of the trial judge is affirmed in its entirety, with costs assessed against the Defendant-Appellant.
AFFIRMED.

.Defendant-Appellant’s Assignments of Error are as follows:
1. The court erred in declaring the sterilization procedure was treatment for bodily injury or sickness.
2. The court erred in holding that the tubal ligation, or salpingectomy, was "an unsought and unwanted incident" which rendered Mrs. Poche sterile.
3. The court erred in holding that the sterilization was "an unwanted effect of the medically mandated surgery".
4. The court erred in holding that Mrs. Poche had no desire to be rendered sterile.
5. The court erred in casting defendant with penalties and attorney’s fees.